# COMPOSITE EXHIBIT 1

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

Neurosurgical Consultants of South Florida LLC
Plaintiff

Case # ____________________
Judge ____________________

vs.
Aetna Health Insurance Company
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT A CERTIFIED COPY

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
 ☐ Business governance
 ☐ Business torts
 ☐ Environmental/Toxic tort
 ☐ Third party indemnification
 ☐ Construction defect
 ☐ Mass tort
 ☐ Negligent security
 ☐ Nursing home negligence
 ☐ Premises liability—commercial
 ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
 ☐ Commercial foreclosure
 ☐ Homestead residential foreclosure
 ☐ Non-homestead residential foreclosure
 ☐ Other real property actions

☐ Professional malpractice
 ☐ Malpractice—business
 ☐ Malpractice—medical
 ☐ Malpractice—other professional
☒ Other
 ☐ Antitrust/Trade regulation
 ☐ Business transactions
 ☐ Constitutional challenge—statute or ordinance
 ☐ Constitutional challenge—proposed amendment
 ☐ Corporate trusts
 ☐ Discrimination—employment or other
 ☒ Insurance claims
 ☐ Intellectual property
 ☐ Libel/Slander
 ☐ Shareholder derivative action
 ☐ Securities litigation
 ☐ Trade secrets
 ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
 ☐ Residential Evictions
 ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Eric G Canter Fla. Bar # 118036
Attorney or party (Bar # if attorney)

Eric G Canter 09/14/2026
(type or print name) Date



NOT A CERTIFIED COPY

Filing # 256985971 E-Filed 09/14/2026 12:56:13 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO:

NEUROSURGICAL CONSULTANTS OF
SOUTH FLORIDA, LLC,

Plaintiff,

vs.

AETNA HEALTH INSURANCE COMPANY,
a Foreign Profit Corporation,

Defendant.
_______________________________________/

**COMPLAINT**

**COMES NOW** Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel, and sues Defendant, AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, (hereinafter "AETNA") and alleges as follows:

1. This is an action for damages exceeding $50,000.01, exclusive of interest, costs, and attorney's fees.

2. At all times material herein, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, was a Florida limited liability company and licensed medical provider with its principal place of business in Palm Beach County, Florida.

3. At all times material herein, Defendant, AETNA HEALTH INSURANCE COMPANY, was either an insurance company that was doing business in Palm Beach County, Florida, and provided health insurance coverage for its subscribers, and "PATIENT" (full name not provided due to privacy concerns and Federal privacy laws), and/or was licensed under

Chapter 641, Florida Statutes (The Health Maintenance Act) still doing business in Palm Beach County, Florida, for said PATIENT (referred to above and more fully described below).

4. Plaintiff is an out of network provider for Defendant.

5. At all times material herein, Defendant, AETNA, was either an insurance company that was doing business in Palm Beach County, Florida, and provided health insurance coverage for its subscribers, and "PATIENT" (full name not provided due to privacy concerns and Federal privacy laws), and/or was licensed under Chapter 641, Florida Statutes (The Health Maintenance Act) still doing business in Palm Beach County, Florida, for said PATIENTS (referred to above and more fully described below).

6. Venue is proper in Palm Beach County, Florida, because the cause of action asserted herein occurred and/or accrued in Palm Beach County, Florida. Venue is also appropriate in this Court because Defendant conducts substantial business in Palm Beach County, Florida.

7. On or about June 30, 2026, ("Date of Service"), the Plaintiff provided emergency medical care to PATIENT, at which time PATIENT's AETNA policy, bearing ID No.: W283889722, and Group No: 086882801500001, with Defendant was in full force and effect. The Plaintiff is not in possession of the subject policy, but same is in Defendant's possession.

8. The Plaintiff's charges for the emergency medical treatment, which included an emergent surgery, provided to Defendant's subscriber total $644,350.00. This procedure was undertaken to relieve pressure on PATIENT's spine and was further undertaken to preserve the patient's life.

9. Plaintiff's charges for the medical treatment provided to the PATIENT were the Plaintiff's usual and customary charges for similar services in the community where services where provided. Furthermore, Defendant has failed to reimburse Plaintiff the usual and customary rate for services rendered and/or has failed to pay even the Qualifying Payment Amount and/or the median of the contracted rates for the same services in the same geographical region.

10. Pursuant to §641.513 and/or §627.64194, Florida Statutes, the Defendants were required to reimburse Plaintiff at 100% of the Plaintiff's charges for medical care rendered to PATIENTS.

11. The Defendant, AETNA HEALTH INSURANCE COMPANY, paid $23,531.43 of the Plaintiff's charges for medical care rendered to PATIENT on the date of service.

12. The Defendants, therefore, have a balance due of $620,818.57 for the PATIENT.

13. Plaintiff is entitled to attorney's fees from Defendants, pursuant to Florida Statute §641.28, depending upon whether Defendant is either a health maintenance organization or simple insurance carrier, pursuant to the law. (Plaintiff is uncertain as to Defendant's legal status with regards to each PATIENT.)

**COUNT I**
**DEFENDANT'S AETNA HEALTH INSURANCE COMPANY., a Foreign Profit Corporation, OF FLORIDA STATUTE 641.513 AS TO PATIENT**

14. Plaintiff realleges the allegations set forth in Paragraphs 1 – 13 above and incorporate same herein by reference.

15. Plaintiff's charges for the medical treatment provided to PATIENT were the Plaintiff's usual and customary charges for similar services in the community where services where provided. Furthermore, Defendant has failed to reimburse Plaintiff the usual and

customary rate for services rendered and/or has failed to pay even the Qualifying Payment Amount and/or the median of the contracted rates for the same services in the same geographical region.

16. Pursuant to §641.513, Florida Statutes, the Defendant was required to reimburse Plaintiff at 100% of the Plaintiff's charges for medical care rendered to PATIENT.

17. The Defendant violated §641.513 Florida Statutes, by failing to pay Plaintiff's charges in full for PATIENT.

18. Defendant, AETNA HEALTH INSURANCE COMPANY, owes the Plaintiff the sum of $620,818.57, pursuant to §641.513 and/or §627.64194, Florida Statutes, exclusive of interest, court costs, and attorney's fees, for PATIENT.

19. Plaintiff has been forced to retain the service of the undersigned counsel as a result of Defendant's failure or refusal to pay the amounts dues when demanded and has incurred and will incur attorney's fees and costs in this matter.

20. Plaintiff is entitled to attorney's fees from Defendant, pursuant to Florida Statute §641.28, depending upon whether Defendant is either a health maintenance organization or simple insurance carrier, pursuant to the law. (Plaintiff is uncertain as to Defendant's legal status with regards to PATIENT.)

**WHEREFORE**, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, hereby demands judgement against Defendant, AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, in the sum of $620,818.57, for PATIENT, together with statutory interest from the due date, and award of costs and attorney's fees, and any such other and further relief as the Court deems proper.

**COUNT II**
**DEFENDANT'S AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, BREACH OF CONTRACT AS TO PATIENT**

21. Plaintiff realleges all paragraphs set forth above in paragraphs 1-13.

22. On or about June 30, 2026, ("Date of Service"), the Plaintiff provided emergency medical care to PATIENT, at which time PATIENT's AETNA HEALTH INSURANCE COMPANY policy, bearing ID No.: W283889722, and Group No: 08688280150001, with Defendant was in full force and effect. The Plaintiff is not in possession of the subject policy, but same is in Defendant's possession.

23. The Plaintiff's charges for the medical treatment provided to Defendant's subscriber, PATIENT, for date of service totals $644,350.00.

24. Plaintiff's charges for the medical treatment provided to PATIENT was the Plaintiff's usual and customary charges for similar services in the community where services were provided. Furthermore, Defendant has failed to reimburse Plaintiff the usual and customary rate for services provided. Furthermore, Defendant has failed to reimburse Plaintiff the usual and customary rate for services rendered and/or has failed to pay even the Qualifying Payment Amount and/or the median of the contracted rates for the same services in the same geographical region.

25. The Defendant, AETNA HEALTH INSURANCE COMPANY, only paid $23,531.43 of the Plaintiff's charges for medical care rendered to PATIENT on the date of service.

26. Defendant accepted premiums from PATIENT in exchange for making such payment for services rendered.

27. Defendant was required to pay the usual and customary rate for the charges made for the services provided to the patient by Plaintiff.

28. In doing so, Defendant would necessarily need to analyze the charges made by other similar health care providers in the same geographic area as Defendant, and/or where the services were provided. Defendant would also need to presumably analyze what it has paid other providers in the community under similar contacts for similar treatment for other patient subscribers.

29. Defendant failed to pay the usual and customary rates and, therefore, failed to conduct the contractually necessary analysis above and/or failed to fulfill its contractual obligations to the PATIENT.

30. Meanwhile, the data and knowledge necessary to conduct such analysis was well within Defendants' possession as Defendant is necessarily required to conduct the same analysis for similar subscribers. Nevertheless, Defendant failed to conduct its contractual obligatory analysis under its agreement with patient prior to issuing payment for the services provided by Plaintiff.

31. The services rendered were also for emergency services which required full payment under Florida Law pursuant to Florida Statutes applicable through the state. Again, Defendant would have been aware of same based upon the number of claims it handles in the state. Nevertheless, Defendant failed to conduct the necessary analysis before issuing payment to Plaintiff (as set forth in the preceding paragraph), and therefore, failed to determine what the usual and customary rate was for the emergency services provided.

32. Had Defendant fulfilled its contractual obligations prior to making payment, Defendant would have determined that Plaintiff's charges were the usual and customary for similar providers in the same geographic area.

33. Defendant further failed to correct its underpayment pursuant to the contractual appeals process.

34. Pursuant to Florida Statute §48.193(1)(a)(7) this Honorable Court has specific personal jurisdiction over the Defendant due to Defendants' failure to perform acts required of it under the contract.

35. Plaintiff has been damaged and thus does now seek damages against Defendant for the full amount of its bill.

**WHEREFORE**, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, hereby demands judgement against Defendant, AETNA HEALTH INSURANCE COMPANY., a Foreign Profit Corporation, in the sum of $620,818.57, for PATIENT, together with statutory interest from the due date, and award of costs and attorney's fees, and any such other and further relief as the Court deems proper.

**COUNT III**
**DEFENDANT'S AETNA HEALTH INSURANCE COMPANY., a Foreign Profit Corporation, VIOLATION OF FLORIDA STATUTE 627.64194 AS TO PATIENT**

36. Plaintiff realleges the allegations set forth in Paragraphs 1 – 13 above and incorporate same herein by reference

37. Plaintiff's charges for the medical treatment provided to PATIENT was the Plaintiff's usual and customary charges for similar services in the community where services where provided. Furthermore, Defendant has failed to reimburse Plaintiff the usual and customary rate for services rendered and/or has failed to pay even the Qualifying Payment Amount and/or the median of the contracted rates for the same services in the same geographical region.

38. Pursuant to §627.64194, Florida Statutes, the Defendant was required to reimburse Plaintiff at 100% of the Plaintiff's charges for medical care rendered to PATIENT.

39. The Defendant violated §627.64194, Florida Statutes, by failing to pay Plaintiff's charges in full for the Patient set forth above.

40. Defendant, AETNA HEALTH INSURANCE COMPANY, owes the Plaintiff the sum of $620,818.57, pursuant to §627.64194, Florida Statutes, exclusive of interest, court costs, and attorney's fees.

41. Plaintiff has been forced to retain the service of the undersigned counsel as a result of Defendant's failure or refusal to pay the amounts dues when demanded and has incurred and will incur attorney's fees and costs in this matter.

42. Plaintiff is entitled to attorney's fees from Defendant, pursuant to either Florida Statute §641.28, depending upon whether Defendant is either a health maintenance organization or simple insurance carrier, pursuant to the law. (Plaintiff is uncertain as to Defendant's legal status with regard to the PATIENT.).

**WHEREFORE**, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, hereby demands judgement against Defendant, AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, in the sum of $620,818.57, for PATIENT, together with statutory interest from the due date, and award of costs and attorney's fees, and any such other and further relief as the Court deems proper.

**COUNT IV**
**UNJUST ENRICHMENT AS TO DEFENDANT, AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, AS TO PATIENT**

43. Plaintiff realleges the allegations set forth in Paragraphs 1 – 13 above and incorporate same herein by reference

44. In the alternative, even were this Honorable Court to find that Defendant did not breach a specific contract and/or that for some reason Plaintiff's Assignment from PATIENT was invalid, Defendant still owes the damages set forth above under Florida's Common Law as Defendant has been unjustly enriched by failing to make proper payment for services rendered.

45. Plaintiff provided its services with the expectation of fair payment.

46. Furthermore, the PATIENT who paid premiums to Defendant with the expectation payment would be provided.

47. Payment by Defendant was grossly short of the usual and customary rates to be expected by health care providers in the same geographical area as Plaintiff, and/or the median of the contracted rates.

48. As such, Defendant has been unjustly enriched, and Plaintiff's outstanding bill is owed. Meanwhile, Defendant has been paid and kept PATIENT'S premiums without fulfilling its contractual obligations potentially leaving PATIENT'S responsible for the unpaid balance, and at a minimum without having provided PATIENT'S the benefit of the bargain for the insurance coverage that was purchased.

49. Plaintiff has complied with all conditions precedent before instituting this action.

50. Plaintiff demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, hereby demands judgement against Defendant, AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, in the sum of $620,818.57, for PATIENT, together with statutory interest from the due date, and award of costs and attorney's fees, and any such other and further relief as the Court deems proper.

Dated this 14th day of September, 2026.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Counsel for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone: 561-447-4500/Facsimile: 561-447-4150

By: */s/Anthony R. Gonzales*
ERIC G. CANTER
Florida Bar No.: 0118036
ANTHONY R. GONZALES
*Trial Counsel & of Counsel*
Florida Bar No.: 0373280

BRAIN AND SPINE CENTER
South Florida

- 4675 Linton Boulevard Suite 102 Delray Beach, FL 33445
- 3365 Burns Road, Suite 208, Palm Beach Gardens, FL 33410

Phone: 561.501.7445 Fax: 561.562.5061
Website: www.brainandspinemds.com
*All Mail to Delray Location*

Evan Packer, MD, FAANS, FACS • Lloyd Zucker, MD, FAANS • Ronald Young, MD, FAANS • Timothy G. Burke, MD, FAANS

Alexis Morell, MD • Jarrod Friedman, MD, PM • Brianna N. Grant, PA-C • Nicole Chong, PA-C • Rachel Alberto Trujilo, PA-C

---

## PATIENT FINANCIAL RESPONSIBILTY AGREEMENT

You agree to be responsible for and pay in full all charges by Neurosurgical Consultants of South Florida, L.L.C.'s ("NCSF") for treatment/supplies provided to you. Payment is due upon receipt of our statement for services rendered. NCSF will bill your insurance company (Auto, W/C or health plan) for the medical services/supplies provided. We rely upon the information you provide from your current insurance card or other evidence of valid coverage. If your coverage changes in any way or terminates, please notify NCSF immediately. Unpaid balance on your account will begin to incur an interest charge 45 days after the date of the invoice and will accrue at a rate of 1-1/2% per month.

If your health plan is a HMO, you are only responsible under Florida law for payment of deductibles, co-payments and charges for non-covered services as specified in your plan. You may be required to contact your primary doctor to obtain a prior authorization for medical services. If you do not comply with your health plan's policies and procedures, payment for the services we render could become your responsibility. If you are unsure of your obligations, you can contact your insurance company. We may be able to clarify your obligations as well.

NCSF's efforts to bill and collect on your behalf from your health plan and NCSF's acceptance of payment from your health plan will not relieve you of your obligation to make payment to NCSF in full. The amount your health plan pays NCSF may be less than the full charges or the amount you owe to NCSF. NCSF will credit all payments received from your health plan to your account and will bill you for the balance, unless otherwise provided under Florida law or if NCSF contracts with your health plan to accept the amount paid by them as payment in full. Deductibles and co-payments required by your health plan are expected to be paid and by law this *cannot be waived*. If unpaid balances require NCSF to engage an attorney to assist in collection, you will be responsible for all fees and costs NCSF incurs in connection with its collection efforts which is in addition to the charges and interest accrued on your account.

**Advance Payment**
If you are required to make an advance payment (Copay/deductible) to NCSF we will collect prior to the provision of any medical services.

**Assignment of Insurance Benefits**: You authorize payment to be made directly to NCSF and assign to NCSF all Medicare and other insurance benefits that may be due and payable to you directly. I voluntarily assign the rights and benefits of my automobile insurance aka Personal Injury Protection (PIP) and Medical Payments policy of insurance to the above health care provider. I understand that it is the intention of the provider to accept this assignment of benefits in lieu of demanding payment at the time services are rendered. I understand this document will allow the provider to pursue legal action against an insurer for the recovery of any unpaid insurance benefits. You hereby authorize NCSF and any other holder of medical or other information about you, including any Medigap insurer, to release to the Social Security Administration, the Centers for Medicare and Medicaid Services, and their agents, intermediaries and carriers, any information needed to determine the benefits or benefits payable to you for any claim with respect to NCSF's provision of health care services/supplies. Where Medicare and Medicaid benefits are applicable, you certify that the information given in applying for payment under Title XVIII or XIX of the Social Security Act's is complete and correct. You authorize NCSF to use this Agreement as evidence of your consent to bill and receive payment for health care services/supplies provided to you by NCSF. You further acknowledge that this assignment of benefits does not in any way relieve you of your liability to make payment to NCSF, and that you will remain financially responsible to NCSF until all charges for which you are legally responsible are paid in full. In the event the insurance carrier mistakenly sends payment for the claim directly to me, I agree that I will remit payment in its entirety to NCSF.

**Authorization for Appointment of Designated Appeal Representative of Designated Appeal Representative.**

I [redacted]____________________, authorize Neurosurgical Consultants of S. FL, LLC to act as my representative in connection with the filing of an appeal on my behalf regarding a denial for the above referenced date(s) of service. I authorize my insurance carrier to release any of my protected health information including benefits and policy information to Neurosurgical Consultants of S. FL, LLC for the purpose of resolving this appeal. I understand that this information is privileged and confidential and will only be released as specified in this authorization or as required or permitted by law. I understand that I may revoke this authorization at any time by mailing a written notice to my insurance company. I understand that revoking this authorization will not affect any action taken prior to my notice of revocation. My designated appeals representative also has the right to rescind consent at any time. I have read this consent or have had it read to me and it has been explained to my satisfaction. I understand that I am granting my consent for my representative to file an appeal on my behalf.

**Medical malpractice insurance is at the physician's discretion.**

☐ I have read and understand each of the above paragraphs and I acknowledge and accept these terms and conditions.

X [redacted]__________ Date: 2/26/26 ____Bh____________________

Signature of Patient or Guardian/Representative  Witness of Neurosurgical Consultants of S. FL, LLC

[redacted]

[redacted]

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC,

CASE NO.:

Plaintiff,

vs.

AETNA HEALTH INSURANCE COMPANY, a foreign profit corporation,

Defendant.

_______________________________________/

**SUMMONS:**

(Complaint, Interrogatories, Request for Production, & Request for Admissions)

Serve to: AETNA HEALTH INSURANCE COMPANY
R/A: Chief Financial Officer
200 East Gaines Street
Tallahassee, Florida 32399

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may hereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or a photocopy of your written response to the "Plaintiff's Attorney" named in this Summons.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

Sep 15 2026

DATED this ____ day of ________, 2026.

CLERK OF THE CIRCUIT COURT & COMPTROLLER PALM BEACH COUNTY

CLERK OF THE CIRCUIT
COURT AND COMPTROLLER
Clerk of said Court

By: ______________________
As Deputy Clerk

**IMPORTANT: SPANISH AND FRENCH VERSIONS**

IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatament. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su repuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney". (Demandate o Abogado del Demanadante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (plaignant ou a son avocat) nomme ci-dessous.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**

Eric G. Canter, Esquire
Anthony R. Gonzales, Esquire
Attorneys for Plaintiff
LAW OFFICES OF ERIC G. CANTER, P.A.
3335 NW Boca Raton Boulevard
Boca Raton, FL 33431
Telephone: 561-447-4500

Filing # 256985971 E-Filed 09/14/2026 12:56:13 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.:

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

Plaintiff,

vs.

AETNA HEALTH INSURANCE COMPANY,
a Foreign Profit Corporation,

Defendant.
_______________________________________/

**PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT**

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel, and hereby propounds onto Defendant, AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, the attached Interrogatories numbered 1 through 11, to be answered under oath within thirty (30) days from the date of service in accordance with the applicable Rules of Civil Procedure.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished with the Summons and Complaint to: AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, R/A: CHIEF FINANCIAL OFFICER, 200 E. Gaines Street, Tallahassee, FL 32399.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone:561-447-4500/Facsimile: 561-447-4150
By: /s/Anthony R. Gonzales
ERIC G. CANTER
Florida Bar No.: 0118036
ANTHONY R. GONZALES
*Trial Counsel & of Counsel*
Florida Bar No.: 0373280

**PLAINTIFF, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC'S, INTERROGATORIES TO DEFENDANT, AETNA HEALTH INSURANCE COMPANY a Foreign Profit Corporation**

1. State your full name, any other names by which you have been known, your age, present address, and your current position and/or title with the Defendant (provided you are an employee of the Defendant) as well as your job responsibilities which would tend to demonstrate the basis of your knowledge of the Interrogatory Answers provided?

2. Please describe the methodology by which the Plaintiff's medical bills were paid by the Defendant and the reason for same.

3. Please provide the basis for Defendant's claim that the paid amount of Plaintiff's charges are usual and customary for similar services in the community, where the services were provided and/or that the amount paid is the median of the contracted rates charged by Defendant for the same services in the geographical region.

4. What is the median of the contracted rates charged by Defendant for the same services in the geographical region.

5. Please provide the date of treatment, amount of total billing for said treatment, amount for reduced billing for said treatment and amount ultimately paid to any provider for the same procedure and/or procedures as those at issue in this case within a five (5) year period prior to the date of the treatment and further limited to the community where the services were provided.

6. When determining usual and customary values for similar treatment as that at issue in this case, please describe the geographical area utilized by Defendant.

7. Please provide the name of any billing, coding, and/or other computer data, algorithms and/or software utilized by Defendant in determining the usual and customary value for similar services as the treatment at issue in this case for the same community where the medical treatment was provided.

8. Please provide the names of any all of Defendant's employees responsible for reducing the actual bills at issue in this case and also any employees who had direct communications with the Plaintiff and/or hospital/facility regarding the treatment and/or medical bills at issue.

9. Please provide the name of any medical provider, as well as the date of treatment for services rendered for any provider to whom payment was made in full for the same or similar services as those provided in the instant litigation within a five (5) year prior to the date of treatment in this case within the same community wherein the treatment was rendered.

10. Why does the Defendant believe it has the right or ability to reduce the Plaintiff's charges for the medical treatment at issue in this case in the absence of any contract with the Plaintiff for services rendered to the patient?

11. If the Defendant has the ability to pay charges for "out-of-network providers", why is it necessary for the Defendant to have contracts which set the rates for charges for "in-network providers"?

______________________________
NAME

STATE OF FLORIDA
COUNTY OF ______

The foregoing Answers to Interrogatories were sworn to under penalty of perjury before me this ____ day of ______________, 2025, by ____________, who is personally known to me/or who has produced___________as identification.

____________________________________
Signature of Notary Public

____________________________________
Name of Notary Typed, Printed or Stamped

____________________________________
Commission Number

Filing # 256985971 E-Filed 09/14/2026 12:56:13 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.:

Plaintiff,

vs.

AETNA HEALTH INSURANCE COMPANY,
a Foreign Profit Corporation,

Defendant.

_______________________________________/

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT**

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.370, and hereby requests, Defendant, AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, to admit or deny the following:

1. The services provided to the patients/subscribers in this case were emergency services as defined by Florida Statute § 641.47.
2. The patient/subscriber was insured by Defendant at the time subject emergency services were provided.
3. Plaintiff properly submitted its bill for payment to Defendant following services to patients/subscribers.
4. Plaintiff is not a contracted provider on any network with Defendant.
5. Defendant did not pay Plaintiff their charges in full.
6. Plaintiff's charges for the medical treatment provided to the patients were usual and customary charges for similar services in the community where the services were provided.

7. Defendant did not pay Plaintiff the usual and customary charges for similar services in the community where the services were provided.

8. Defendant did not pay the median of the contracted rates for the services at issue in the same geographical region.

9. Defendant did not pay Plaintiff a mutually agreed to amount within sixty (60) days of the Plaintiff submitting their bill for payment.

10. Defendant violated Florida Statute § 641.513 by failing to pay Plaintiff's charges in full.

11. Defendant violated Florida Statute § 640.513 by failing to pay Plaintiff the usual and customary charges for similar services in the community where were provided.

12. The Qualifying Payment Amount is equal or more that the amount charged by Plaintiff for the services at issue.

13. Defendant violated Florida Statute § 641.513 by failing to pay Plaintiff a mutually agreed to amounts within sixty (60) days of the Plaintiff submitting their bill for payment.

14. Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff's charges in full.

15. Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff the usual and customary charges for similar services in the community where the services were provided.

16. Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff a mutually agreed to amount within sixty (60) days of the Plaintiff submitting their bill for payment.

17. Were Plaintiff to succeed in this action, Plaintiff would be entitled to recover reasonable attorney's fees and court costs pursuant to Florida Statute § 641.28.

18. Defendant has paid the same or more for the same medical treatment as that at issue in this case for other patients in the community where the services were provided within the last five (5) years.

19. It is Defendant's policy that patients with emergency medical needs wait for an in-network provider to be located before Defendant will pay reasonable and customary charges for medical services like the services at issue in this case.

20. Defendant has paid other out-of-network providers the full amount of their medical bills for the same treatment as that at issue in this case in the same geographical area.

21. The fact that the Defendant has a contract with various medical providers ("in- network providers") does not automatically give it a right to reduce the bills of "out-of-network providers" like the Plaintiff.

22. Doctors and medical facilities are free to charge what they believe are reasonable and customary charges for medical services provided to the patients.

23. When Defendant provides insurance coverage to a patient, the Defendant bears the risk of having to pay for such treatment for "out-of-network providers" like the Plaintiff in an emergency setting as defined by Florida law.

24. In determining usual and customary rates for in-network healthcare providers, Defendant does not inquire of them as to the gross or net income earned by any in-network doctors prior to determining a usual and customary rate of reimbursement and issuing payment.

25. In determining usual and customary rate for out of network healthcare providers, Defendant does not inquire of them as to the gross or net income earned by any out of network doctors prior to determining a usual and customary rate of reimbursement and issuing payment.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished with the Summons and Complaint to: AETNA HEALTH INSURANCE COMPANY, a Foreign Profit

Corporation, R/A: CHIEF FINANCIAL OFFICER, 200 E. Gaines Street, Tallahassee, FL, 32399.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone: 561-447-4500/Facsimile: 561-447-4150

By: /s/Anthony R. Gonzales
ERIC G. CANTER
Florida Bar No.: 0118036
ANTHONY R. GONZALES
*Trial Counsel & of Counsel*
Florida Bar No.: 0373280

Filing # 256985971 E-Filed 09/14/2026 12:56:13 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC,

CASE NO.:

Plaintiff,

vs.

AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation,

Defendants.

_______________________________________/

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests the Defendant, AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, , (hereinafter "AETNA") to produce the following documents to the undersigned attorneys, at this office, within thirty (30) days from this date for examination, inspection and copying and as grounds therefor states that the materials are in the custody or control of the Defendant and are relevant and material to the issues in this case and/or are likely to lead to the discovery of admissible evidence, and cannot be obtained by Plaintiff without hardship:

1. All statutes, ordinances, standards or regulations that Defendant maintains provide Defendant a defense to the claims set forth in the instant lawsuit.

2. Any and all reports, statements, written opinions and affidavits prepared by experts retained by Defendant, whose testimony is intent to be used at trial.

3. All statements, not work product, taken by or on behalf of the Defendant by their respective agents, servants, employees and investigators regarding any of the facts and issues in this action.

4. Copies of all Releases, settlement documents and "Mary Carter Agreements" entered into by the Defendant with any persons or parties, whether or not named in this suit.

5. All doctor, hospital, therapy, nursing and other medical bills incurred as a result of the procedure at issue in this case.

6. A copy of the insurance policy applicable to the procedure, patient and payments at issue in this case.

7. Any and all documentation in Defendant's possession which would show the reason the total charges for treatment provided to the patient were reduced and the methodology used to obtain same.

8. Any and all documentation the Defendant maintains and/or claims demonstrate the usual and customary charges for similar services in the community where the services at issue were provided.

9. Any and all bills, invoices and/or ledgers which demonstrate payment (total charges as well as reduced charges) provided to other patients for the same procedure at issue in the instant case, paid within a five (5) year period prior to the date of the instant procedure and also only for procedures performed in the community where the services at issue were provided.

10. Any and all documentation in Defendant's possession wherein Plaintiff agreed to a reduction for services and/or medical care rendered to the patient/subscriber.

11. Any authority upon which Defendant relies which Defendant maintains allows it under the law to reduce charges by healthcare providers like the Plaintiff for similar services in the community where the services at issue were provided.

12. Any and all correspondence (including e-mails and/or other documentation) shared between Defendant and Plaintiff regarding the treatment rendered in this case and/or bills generated in relation to such treatment.

13. Any and all documentation, correspondence (including any contractual documents) which Defendant relies upon and/or that Defendant claims demonstrate a right for the Defendant to reduce the bills at issue. (This Request for Production encompasses any documentation and/or contracts entered into between the Defendant and the hospital and/or emergency facility wherein the subject treatment was provided to the patient/subscriber.)

14. Any and all documentation in Defendant's possession which Defendant maintains provides it the authority and/or right to reduce the bills of "out-of-network providers".

15. Defendant's policy and procedural guidelines which demonstrate the effective policy at the time of the treatment issued in this case regarding payment of "out-of-network providers" like the Plaintiff for the same or similar treatment at issue in this case for the community where the services at issue were provided.

16. Any and all documentation and/or correspondence which demonstrates what the Defendant has paid to "in-network providers" for the same treatment at issue in this case within a five (5) year period prior to the date of the treatment in the same geographic area as the location of the treatment rendered.

17. All documents referring to payment to medical providers for the CPT codes at issue in this dispute.

18. All documents relating to any payment agreement with the Plaintiff.

19. All documents relating to any agreement between you and any third-party administrator, self-funded plan, government entity, medical provider, or any other entity, as to the amount

to be paid, amount paid, or amount billed for the medical codes at issue in this dispute.

20. All documents reflecting amounts paid, amount to be paid or amount billed for similar medical services and case to those at issue in the Complaint, including fee schedule, billing summaries, balance-billing summaries, collection summaries, accounts receivable, or ledgers.

21. All documents related to any complaint, appeal, disagreement, or dispute with any medical provide, related to these patients/subscribers.

22. All documents related to the community, market, or other schedule for the medical services and care at issue in the Complaint.

23. All documents used to calculate the claim(s), including all documents use to determine the rate of payment for the claim(s).

24. All documents related to determining the amount paid or reimbursed for medical services and care for each of the claims identified in the Complaint.

25. Documents sufficient to identify any current employees, former employees, consultants, contractors, vendors, firms, companies, or other non-employee for Defendant that have assisted in the payment and/or reimbursement, on Defendant's behalf, of the medical claim(s) at issue in the Complaint.

26. Documents sufficient to identify any current employees, former employees, consultants, contractors, vendors, firms, companies, or other non-employee for Defendant that have assisted in the development, on Defendant's behalf, of the amounts to pay for medical services and care by contracted and non-contracted medical providers for the CPT codes at issue in this dispute.

27. The policies, procedures, or systems for preparing, submitting, billing, and/or appealing,

the medical claim(s) at issue in the Complaint.

28. All documents related to communications between you and the AETNA patient/subscriber, related to the payment of medical services and care of the claims at issue in the Complaint.

29. All documents reflecting any payments by AETNA, including but not limited to all Explanation of Benefit forms, Explanation of Reimbursement forms, or Explanation of Payment forms concerning the claims identified in the Complaint.

30. All authorizations or communications from AETNA to Plaintiff regarding the services rendered as billed in each of the claims identified in the Complaint.

31. All contracts of letter of agreement entered into between you and other medical providers for the CPT codes at issue in this dispute with respect to the services rendered to AETNA members.

32. All documents that relate to the methodology you employed to establish the payment rate for the medical services and care at issue in the Complaint.

33. All documents which relate to any communication by and between you and Plaintiff which refer or relate to authorization for the claims identified in the Complaint.

34. The membership enrollment file for the AETNA patients/subscribers.

35. Any records or data collected in the last three (3) years, by Defendant from in-network or out of network healthcare providers showing the net and/or gross income of any in-network and or out of network doctors wherein such income was used by Defendant for the purpose of determining a reasonable and/or usual and customary rate of reimbursement provided for care and treatment of patients for similar services rendered (same or similar CPT codes) prior to providing such reimbursement for providers located in the same geographical area as the Plaintiff herein.

36. Any records or data collected in the last three (3) years, by Defendant from in-network or out of network healthcare groups showing the net and/or gross income of any in-network and or out of network groups wherein such income was used by Defendant for the purpose of determining a reasonable and/or usual and customary rate of reimbursement provided for care and treatment of patients for similar services rendered (same or similar CPT codes) prior to providing such reimbursement for providers located in the same geographical area as the Plaintiff herein.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished with the Summons and Complaint to: AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation, R/A: CHIEF FINANCIAL OFFICER, 200 E. Gaines Street, Tallahassee, FL, 32399.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone: 561-447-4500/Facsimile: 561-447-4150

By: /s/Anthony R. Gonzales
ERIC G. CANTER
Florida Bar No.: 0118036
ANTHONY R. GONZALES
*Trial Counsel & of Counsel*
Florida Bar No.: 0373280

Filing # 258989641 E-Filed 10/12/2026 12:31:52 PM

NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC,

Plaintiff,

vs.

AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation,

Defendant.
_____________________________________/

IN THE CIRCUIT COURT OF THE 15TH JUDICAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 502026CA010335XXXAMB (AJ)

**NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES**

David J. De Piano, Esq. and Alex L. Braunstein, Esq. of the law firm Fox Rothschild LLP serve notice of their appearance as counsel for Defendant Aetna Health Insurance Company and request the Clerk of the Court enter same and further request that copies of all future pleadings, notices, correspondence, and other papers and filings in this cause be directed to the undersigned attorneys.

Furthermore, in accordance with Florida Rule of General Practice and Judicial Administration 2.516(b)(1)(A), the undersigned counsel designate the following primary and secondary email addresses listed below and request that copies of all future pleadings, notices, correspondence, and other papers and filings filed or served in connection with the action herein be served on them at the primary and secondary email addresses listed below, with such service complying with Rule 2.516(b)(1)(E):

Primary Email Addresses: David J. De Piano – ddepiano@foxrothschild.com
Alex L. Braunstein – abraunstein@foxrothschild.com

Secondary Email Addresses: Nicole Lewis – nlewis@foxrothschild.com
Tracey Dubé – tdube@foxrothschild.com
Jacqueline Poli – jpoli@foxrothschild.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record via the Court's electronic mail service system pursuant to Rule 2.516 and filed electronically with the Court at www.myflcourtaccess.com this 12th day of October 2026.

FOX ROTHSCHILD LLP
777 S. Flagler Dr., Suite 1700
West Palm Beach, Florida 33401
Tel: (561) 835-9600
Fax: (561) 835-9602

By: *s/ David J. De Piano*
DAVID J. De PIANO, ESQ.
Florida Bar No. 0055699
Primary Email: ddepiano@foxrothschild.com
Secondary Emails: nlewis@foxrothschild.com
tdube@foxrothschild.com
ALEX L. BRAUNSTEIN, ESQ.
Florida Bar No. 98289
Primary Email: abraunstein@foxrothschild.com
Secondary Email: jpoli@foxrothschild.com

*Attorneys for Defendant Aetna Health Insurance Company*

Filing # 258989641 E-Filed 10/12/2026 12:31:52 PM

NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC,

Plaintiff,

vs.

AETNA HEALTH INSURANCE COMPANY, a Foreign Profit Corporation,

Defendant.
_________________________________/

IN THE CIRCUIT COURT OF THE 15TH JUDICAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 502026CA010335XXXAMB (AJ)

**DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant Aetna Health Insurance Company ("Aetna") moves pursuant to Fla. R. Civ. P. 1.090 for entry of an unopposed Order enlarging the time to respond to Plaintiff Neurosurgical Consultants of South Florida, LLC's ("Plaintiff) Complaint until November 6, 2026. Aetna provides the following as good cause in support of this enlargement of time:

1. Plaintiff filed suit seeking additional reimbursement beyond what Aetna and the member (*i.e.*, the patient) already paid for certain services.

2. Aetna's response to Plaintiff's complaint is due by October 12, 2026.

3. Counsel for Aetna was only recently retained and due in part to the press of other matters and because of prepaid, international travel, Aetna requires additional time, until November 6, 2026, to review Plaintiff's complaint and investigate its factual and legal allegations in order to prepare and file a meaningful response.

4. Accordingly, there is good cause supporting Aetna's request for a brief enlargement of time until November 6, 2026 to respond to Plaintiff's complaint.

**WHEREFORE**, Defendant Aetna Health Insurance Company respectfully requests entry of an Order enlarging the amount of time until November 6, 2026 to respond to Plaintiff's Complaint and awarding Aetna any other appropriate relief.

**CERTIFICATION PURSUANT TO FLORIDA RULE OF CIVIL PROCEDURE 1.202**

I certify that prior to filing this motion, I discussed the relief requested in this motion on October 8, 2026 by telephone with counsel for Plaintiff, Eric G. Canter, Esq., who **does not oppose** the relief requested in this motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record via the Court's electronic mail service system pursuant to Rule 2.516 and filed electronically with the Court at www.myflcourtaccess.com this _12th_ day of October 2026.

FOX ROTHSCHILD LLP
777 S. Flagler Dr., Suite 1700
West Palm Beach, Florida 33401
Tel: (561) 835-9600
Fax: (561) 835-9602

By: *s/ David J. De Piano*
DAVID J. De PIANO, ESQ.
Florida Bar No. 0055699
Primary Email: ddepiano@foxrothschild.com
Secondary Emails: nlewis@foxrothschild.com
tdube@foxrothschild.com
ALEX L. BRAUNSTEIN, ESQ.
Florida Bar No. 98289
Primary Email: abraunstein@foxrothschild.com
Secondary Email: jpoli@foxrothschild.com

*Attorneys for Defendant Aetna Health Insurance Company*